UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAY PARITI, et al., | } |
| | } |
|     Plaintiffs, | } |
| | } |
| v. | }    Case No.: 2:24-cv-00154-RDP |
| | } |
| KEVIN MCGOWAN, et al., | } |
| | } |
|     Defendants. | } |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiffs' Response to the February 13, 2024 Show Cause Order. (Doc. # 3).

Plaintiffs filed the Complaint in this action on February 9, 2024. (Doc. # 1). After reviewing the Complaint (Doc. # 1), the court was concerned it lacked personal jurisdiction and that venue was improper in the Northern District of Alabama because all Defendants reside in New York and all the allegations at issue occurred in New York. Therefore, the court entered an order on February 13, 2024 instructing Plaintiffs to show cause in writing why the case should not be dismissed for lack of jurisdiction or improper venue ("the Show Cause Order"). (Doc. # 2).

Plaintiffs filed their Response to the Show Cause Order on February 27, 2024. (Doc. # 3). The Response did not address either how the court has personal jurisdiction over the case or how venue in the Northern District of Alabama is proper. Instead, Plaintiffs stated:

> I am presently working in Montgomery, and Birginham [sic] is 2 hours away and I took time off to come here for work. I was about to file in Montgomery and they informed that I have to file in Birmingham. I don't live any longer in Rochester. Whole Rochester and Rochester courts have harmed us and they are collectively

1

>   colluded and conspired against our family with hate. We will be targeted in Rochester. We want justice … There is no other venue except this at this time. We exhausted all judicial, administrative and all sorts of remedies. We are hoping that you will get us justice.

(Doc # 3 at 2-3).

"Lack of personal jurisdiction and improper venue, unlike lack of subject matter jurisdiction which requires dismissal on the court's own motion if not raised by the parties, are waivable defects." *Lipofsky v. New York State Workers Compensation Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (citing *Harris Corp. v. Nat'l Iranian Radio, Etc.*, 691 F.2d 1344, 1349, 1353 (11th Cir. 1982) and Fed R. Civ. P. 12(h)(1)). As a result, both defenses are waived when a defendant files a responsive pleading or Rule 12 motion failing to assert them. *Id.* (citing Fed. R. Civ. P. 12(b), (h)(1)). But, "[i]n the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue." *Id.* (citing *Costlow v. Weeks*, 790 F.2d 1486 (9th Cir. 1986) (upholding *sua sponte* dismissal following an order for plaintiff to show cause why the complaint should not be dismissed for improper venue)).

Here, the court has given Plaintiffs a full and fair opportunity to present their views on the issues of whether the court has personal jurisdiction over Defendants and whether venue is proper in the Northern District of Alabama. After reviewing the Complaint (Doc. # 1) and Plaintiffs' Response to the Show Cause Order (Doc. #3), the court determines that Plaintiffs' Complaint is due to be dismissed for lack of personal jurisdiction and improper venue.

First, this court does not have personal jurisdiction over Defendants. There are two types of personal jurisdiction: general and specific jurisdiction. *Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990). For the court to exercise general jurisdiction over a non-resident defendant,

their affiliations with the state must be so "continuous and systematic" as to render them essentially "at home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In contrast, for the court to exercise specific jurisdiction, the non-resident defendant's conduct must create a connection to the forum state and put the defendant on notice that they may be subject to jurisdiction in the state. *Madara*, 916 F.2d at 1516. Here, Plaintiffs do not allege in either their Complaint or their Response to the Show Cause Order that Defendants have <u>any</u> affiliations or connections with the state of Alabama. Instead, all Defendants reside in New York, and all of Plaintiffs' claims arise from conduct that occurred in New York. Therefore, the court finds that Plaintiffs' Complaint is due to be dismissed for lack of personal jurisdiction.

In addition, venue in the Northern District of Alabama is improper. Under 28 U.S.C. § 1391, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Once again, the Complaint alleges that all Defendants reside in New York, and Plaintiffs seek redress for alleged events that occurred in New York. (Doc. # 1). Therefore, although Plaintiffs allege that they were instructed to file this suit in the Northern District of Alabama, this court is simply not a proper venue for Plaintiffs' claims.

Because this court lacks personal jurisdiction over Defendants and because venue is improper in the Northern District of Alabama, this action is **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** this March 4, 2024.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE